UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ABRAHAM LIZARRAGA, <br><br> Defendant. | No. 20-CR-0238-BTM <br><br> ORDER CONTINUING THE MOTION HEARING AND TRIAL SETTING TO MAY 27, 2020 |

The Court hereby FINDS AS FOLLOWS:

    1.    Defendant was scheduled to appear for a March 26, 2020 at 10:30 a.m. and April 23, 2020 at 11:00 a.m. for motion hearings and trial settings.

    2.    On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16, 2020. See Order of the Chief Judge No. 18, Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (March 17, 2020). This Order, which is hereby incorporated by reference, was imposed based on (1) the state of emergency declared

in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until April 16, 2020. On April 2, 2020, the Ninth Circuit Judicial Council approved the District's declaration of an emergency pursuant to 18 U.S.C. § 3174 and further extended the emergency to April 17, 2021. On April 15, 2020, the Chief United States District Judge of the Southern District of California entered a new Order, extending the suspension of jury trials and other proceedings scheduled to begin before May 16, 2020. See Order of the Chief Judge No. 24, Extending Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (April 15, 2020).

    3.    Given the grave public-health concerns discussed in Order of the Chief Judge Nos. 18 and 24, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

4. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

5. Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

6. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. There are several motions pending before the court, namely: defendants' motions to compel discovery, preserve evidence and grant leave to file further motions.

Accordingly, the Court finds that there are facts that support a continuance of the hearing date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The court sets the new motion hearing and trial setting for May 27, 2020 at 1 p.m.

2. The time period of March 19, 2020 to May 27, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED: April 20, 2020

_____
THE HONORABLE BARRY TED MOSKOWITZ
United States District Judge